UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY POON-ATKINS, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JOHN POON, et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-01345-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REMAND**<br><br>Re: ECF No. 10 |

　　　　Pro se plaintiffs Christy Poon-Atkins, Rhonda Barnette, Willie James Poon, Jr., and Kesha Poon (collectively, "Plaintiffs") initiated this action against Defendants John W. Poon and David Poon (collectively, "Defendants") in the Superior Court of California, Contra Costa County in August 2021. ECF No. 1 ¶ 1. The dispute concerns the parties' protected interests within the Torrie D. Nunnally Family Trust. *Id.* ¶ 3. On March 6, 2024, Plaintiffs removed this action to the Northern District of California. *Id.* at 1. Now before the Court is Defendants' motion to remand. ECF No. 10. The Court will grant the motion.[1]

　　　　"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). This "'strong presumption'

---

[1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the June 27, 2024 motion hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

1  against removal jurisdiction means that the defendant always has the burden of establishing that
2  removal is proper." *Gaus*, 980 F.2d at 566 (quoting *Nishimoto v. Federman-Bachrach & Assocs.*,
3  903 F.2d 709, 712 n.3 (9th Cir. 1990)).
4        Defendants' motion to remand must be granted for one simple reason—Plaintiffs cannot
5  seek removal. ECF No. 10 at 8–9; *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*,
6  843 F.2d 1253, 1260–61 (9th Cir. 1988) ("The right to remove a state court case to federal court is
7  clearly limited to defendants.") (citing 28 U.S.C. § 1441). "A plaintiff who commences his action
8  in a state court cannot effectuate removal to a federal court even if he could have originated the
9  action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable
10 in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (citing
11 28 U.S.C. § 1441; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941)).
12 Accordingly, Plaintiffs' attempt to remove this action to federal court is legally void and remand is
13 appropriate.[2]
14       The motion to remand is granted.
15       **IT IS SO ORDERED.**
16 Dated: June 5, 2024

                                              JON S. TIGAR
                                         United States District Judge

---

[2] Because the Court finds this argument dispositive, it declines to reach Defendants' remaining arguments.